UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE LEE COLLEY,

    Petitioner,                                  Civil No. 2:24-cv-10952
                                                      Honorable Linda V. Parker

v.

CATHERINE BAUMAN,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE

Lawrence Lee Colley ("Petitioner"), confined at the Alger Maximum Correctional Facility in Munising, Michigan, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of first-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b(1), two counts of third-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520d(1)(b), and one count of kidnapping, in violation of Mich. Comp. Laws § 750.349. (ECF No. 1.)

Petitioner has also moved to hold the petition in abeyance while he attempts to exhaust additional claims with the state courts by seeking the reissuance of judgment so he can pursue a new appeal of right with the state courts. (*Id.*) The Court will hold the petition in abeyance and will stay the proceedings under the

terms outlined below to permit Petitioner to file a motion to reissue judgment. Failing to file such motion will result in the petition being dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted by a jury in the Wayne County Circuit Court. His conviction was affirmed on his appeal of right. *People v. Colley*, No. 334262, 2018 WL 340933 (Mich. Ct. App. Jan. 9, 2018).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court, which was denied. *People v. Colley,* No. 16-000129-01-FC (Wayne Cnty. Cir. Ct., Nov. 1, 2021). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Colley*, No. 359186 (Mich. Ct. App. Jan. 31, 2022); *lv. den.* 978 N.W.2d 846 (Mich. 2022), *reconsideration denied*, 981 N.W.2d 500 (Mich. 2022).

Petitioner filed, what he has labeled as, a "Motion For Abeyance/Stay of Proceedings," indicating his intention to seek habeas relief from his state court conviction. (ECF No. 1.) Petitioner asks this Court to hold his case in abeyance so he can return to the state court to exhaust additional claims. (*Id.*)

## II. Discussion

The Court construes Petitioner's motion to hold the petition for writ of habeas corpus as an actual petition for a writ of habeas corpus filed pursuant to 28

2

U.S.C. § 2254, because he indicates that he wishes to seek habeas relief on his claims and requests to hold the petition in abeyance while he pursues state post-conviction relief in the state courts. *See, e.g., Sueing v. Palmer*, 503 F. App'x 354, 356-57 (6th Cir. 2012) (holding that petitioner's letter to the district court to grant a stay and abeyance or to extend the time to file a petition for writ of habeas corpus should have been construed as a new habeas petition); *Watkins v. Haas*, 143 F. Supp. 3d 632, 638 n.4 (E.D. Mich. 2015), *rev'd sub nom. on other grounds, Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017) (construing petitioner's request to stay the petition as a newly filed petition for writ of habeas corpus).

Petitioner's handwritten pleadings are somewhat difficult to understand but he appears to argue that appellate counsel was ineffective for failing to raise, on Petitioner's appeal of right, a claim that trial counsel was ineffective for failing to move for a directed verdict on the grounds that the evidence was insufficient to convict and that there was a violation of the Double Jeopardy Clause to charge Petitioner with all of these offenses. Petitioner also claims the victim recanted her testimony and that there was an absence of any DNA or other biological evidence linking him to the crime.

Petitioner alleges that appellate counsel was ineffective for failing to raise these claims on his appeal of right. Petitioner claims he has filed, or will file, a motion for the delayed appointment of an appellate attorney so he can seek the

3

restoration of his appeal of right based on his original appellate counsel's failure to raise the above claims on his appeal of right. (ECF No. 1 at PageID. 3-5.) Petitioner does have a potential state court remedy to restore his appellate rights. M.C.R. 6.428 states:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

Petitioner can seek to restore his right to appeal by filing a motion to reissue judgment with the Wayne County Circuit Court through M.C.R. 6.428. *See, e.g.*, *Benion v. Skipper*, No. 22-CV-10571, 2023 WL 199275, at * 3 (E.D. Mich. Jan. 17, 2023); *McMullan v. Jones*, No. CIV. 05-70807, 2006 WL 1134364, at * 2 (E.D. Mich. Apr. 27, 2006). Petitioner can also appeal the denial of a motion to reissue judgment to the state appellate courts. *See*, *e.g., People v. Williams*, 836 N.W.2d 687 (2013).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005). A habeas petition can be held in abeyance while a habeas petitioner seeks reissuance of the judgment pursuant to M.C.R. 6.428 in order to restore his

4

or her right to appeal with the Michigan courts. *See Benion*, 2023 WL 199275, at *3; *see also Jones*, 2006 WL 1134364, at * 2.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon him time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Petitioner must file a motion for reissuance of judgment with the state trial court within sixty days from the date of this Order. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id*. (internal quotation omitted).

Finally, the Court will direct Petitioner to re-file an amended habeas petition at the time he moves to reopen his habeas case that conforms with the applicable court rules. Rules Governing § 2254 Cases, Rule 2(c), 28 U.S.C.A. foll. § 2254, contains the following requirements for a habeas petition:

> (c) Form.
> The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;

(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk shall make the form available to petitioner without charge.[1]

### III.  ORDER

Accordingly, it is **ORDERED** that Petitioner may file a motion for reissuance of judgment with the state trial court pursuant to M.C.R. 6.428 within sixty (60) days of receipt of this Court's order. If Petitioner fails to file a motion with the state trial court by that date, the Court will dismiss the present petition without prejudice. If Petitioner files a motion with the state trial court to have his direct appeal reinstated, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending Petitioner's exhaustion of the claims in the state trial and appellate courts. The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty days of exhausting

---

[1] The form petitions for writ of habeas corpus can be obtained by Petitioner at www.mied.uscourts.gov/PDFFIles/AO_241_AppHabeas2254.pdf or by writing the Clerk of the Court at 231 West Lafayette Boulevard, Detroit, Michigan 48226.

state remedies. *See Palmer*, 276 F.3d at 781. The amended petition shall conform to the requirements of Rule 2(c) and (d) of the Rules Governing Habeas Petitions. Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.[2]

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2022).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 8, 2024

---

[2] Petitioner's habeas application is deficient because he failed to pay the $5.00 filing fee or an application to proceed *in forma pauperis*. *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). In lieu of issuing a Deficiency Order, the Court will hold the current petition in abeyance. However, when Petitioner returns to the federal court after exhausting his claims, he will be required to pay either the $5.00 filing fee or submit an application to proceed *in forma pauperis*.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 8, 2024, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan
                                              Case Manager